"FILED IN OPEN COURT"

8/4/05

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CRIMINAL NO. 05-10061-JLT |
| | ) | |
| ANDREW S. HOOD | ) | |

### DEFENDANT'S MOTION TO DISMISS THE INDICTMENT WITH PREJUDICE FOR LACK OF SPEEDY TRIAL

Now comes the Defendant, Andrew S. Hood, and moves this Honorable Court to dismiss the indictment with prejudice. The grounds on which this motion is based are as follows: (1) the time limit within which the case is to be tried (factoring in all excludable time) has passed; (2) the Government took no steps to move the case along yet pressed for the Defendant's continued confinement pending trial.

### FACTS

On October 27, 2004 Andrew Hood walked into the US Post Office in Wakefield, MA to pick up mail matter. A notice had been left at his residence informing him that he had mail matter at the Post Office. After presenting himself to a postal clerk Mr. Hood was given the mail matter. He was then approached by a postal inspector and agreed to speak with the postal inspector in the Post Office. After being *Mirandized*, Mr. Hood confessed to the Postal Inspector that he had ordered pornographic materials through the mail. Mr. Hood cooperated fully with the Postal Inspector (and the local police) and consented to a search of his residence. The mail matter that he received at the post office contained child pornography; child pornography was also found in his residence. Mr. Hood was not arrested. In December 2004, Mr. Hood moved; he called the postal inspector to let the postal inspector Mr. Hood's new address.

On March 16, 2005 an indictment[1] was filed in this Court.

---

[1] The indictment is in two counts. Count 1 charges *Receipt of Child Pornography* in violation of 18 U.S.C. s. 2252(a)(2). Count 2 charges *Possession of Child Pornography* in violation of 18 U.S.C. s. 2252(a)(4)(b)

1

On March 21, 2005 Mr. Hood was arrested and arraigned. The Government moved for pre-trial detention and Mr. Hood was ordered detained. He remained in custody at the Plymouth County Correctional Center (MA) from the date of his arrest until May 10, 2005. On May 10, 2005 he was released on conditions. Condition #2 required that he be "confined at all times to the Coolidge House except when he is permitted to leave for employment purposes by authorities at Coolidge House" Except to go to work and to go to Court, Mr. Hood has remained confined at Coolidge House.

On June 15, 2005 the parties filed a joint memorandum concerning the final status conference to be held the next day. The joint memorandum in essence states that all pre-trial issues (i.e. discovery is complete, no dispositive motions, no insanity, no public authority, no alibi) have been resolved. In addition the joint memorandum states that "the parties have discussed the possibility of a plea, and it is highly unlikely that this case will be resolved by way of a plea".[2]

On June 16, 2005 a Final Status Conference was held before the Magistrate. The Magistrate determined – in a written order – that as of June 16, 2005 "FORTY-NINE (49) days left to commence trial so as to be within the seventy-day period for trial set by statute".

Since June 16, 2005 the Defense has not sought any continuances and has done nothing to delay the prompt scheduling and trial of the case.[3]

On or about July 12, 2005 the Government filed a motion for pre-trial conference and to exclude time. On or about July 20, 2005 the Defendant filed an assent to the request for a pre-trial conference and an objection to the request to exclude time. The Defendant specifically requested, "that his case be tried speedily and within the time limits set by law. (See 18 U.S.C. Sec. 3161)".

---

[2] In this regard Defense Counsel proposed that Defendant would plead guilty to Count Two if the Government would dismiss Count One. Count One carries a mandatory minimum sentence of 5 years imprisonment. Count Two carries the potential of up to 10 years imprisonment, but no mandatory minimum. Other than the charge concession the Defense sought no other agreement from the Government relative to sentencing and took the position that the Government could recommend whatever it wished. The Government refused the Defense offer taking the position that it is Government policy to charge the highest possible offense and not plea-bargain it down. It should be noted that these discussions between opposing counsel were most cordial and were carried on in the best of the adversarial tradition. Defense counsel then stated to the prosecutor that the case would then be a trial. This is all reflected in the joint memorandum of June 15, 2005.

[3] A pre-trial conference was scheduled before the District Court Judge to take place at 10:45 AM on Wednesday, June 29, 2005. Defense counsel received notice of that conference via US Mail on June 28, 2005. Defense Counsel faxed to the Judge's Courtroom Clerk a letter stating in essence that Defense Counsel had a plea in Woburn Court at 9:00 AM that would take about one hour and that Counsel would "make Herculean efforts to be in [the] courtroom at 10:45 AM". Defense Counsel did not seek a continuance of the pre-trial conference. It turns out that Government Counsel was not available and the pre-trial conference was continued before Defense Counsel arrived at the Court.

Today is August 4, 2005.

## APPLICABLE LAW

The governing statute is 18 U.S.C. s.3161.

18 U.S.C. s. 3161(c)(1) provides in essence that the trial in this case is to take place within 70 days from March 21, 2005, subject to exclusions contained in 18 U.S.C. s. 3161(h). None of the exclusions contained in subsection (h) are applicable in this case. Subsection (h) has nine (9) subparagraphs:

*Subparagraph (1)*: This deals with delay caused by "other proceedings concerning the defendant". There are no other proceedings concerning this defendant and no pre-trial motions were filed.

*Subparagraph (2)*: This deals with a deferral of the prosecution by written agreement for the purpose of allowing the Defendant to demonstrate his good conduct. This is not applicable.

*Subparagraph (3)*: This deals with absence or unavailability of the defendant or an essential witness. This is not applicable.

*Subparagraph (4)*: This deals with delay due to mental incompetence or physical incapacity of the Defendant. This is not applicable in this case,

*Subparagraph (5)*: This deals with delay due to drug treatment of the Defendant. This is not applicable in this case.

*Subparagraph (6)*: This deals with delay related to a subsequent charge and is not applicable in this case.

*Subparagraph (7)*: This deals with delay related to joinder of the case with the case of a co-defendant. This is not applicable in this case.

*Subparagraph (8)*: This deals with delay arising from a continuance granted by the Judge on motion. No such motion has been filed; there have been no continuances granted by the Court; and the clock has run.[4]

---

[4] *Subparagraph (8)(C)* places strict limits on the Court's ability to grant a continuance under *Subparagraph (8)(A)*. The Government and the Court have known since June 16, 2005 that there were 49 days left to try this case. The parties made it clear in the joint pre-trial memorandum that was filed on June 15, 2005 that the case would be a trial and that the case was ready for trial. The Defendant in this case has been substantially deprived of his freedom since his arrest (at the request of the government) and that fact should make the ticking of the speedy trial clock louder than normal. It was the Government that took a hard line on detention; it was the Government that has taken a hard line on the issue of a plea bargain. In these circumstances it would be more than fair for the Court to take a hard line with the Government for its failure to prosecute the case with the speed the statute requires. In that regard *Subparagraph (8)(C)* states: "No continuance under subparagraph (A) of this paragraph shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government."

3

*Subparagraph (9)*: This deals with delay arising from evidence in a foreign country. There is no such evidence in this case.

In addition none of the provisions of 18 U.S.C. s. 3161(i), (j), or (k) are applicable in this case.

## CONCLUSION

For all the above reasons the statute mandates the dismissal of the indictment with prejudice.

August 4, 2005

Andrew S. Hood
Defendant
By His Attorney:

*[signature]*

Robert D. Lewin, Esq.
One Salem Street, Suite 202
Malden, MA 02148
Tel. 781-322-2228
Fax. 781-322-6351
Email: lewinandlewin@verizon.net
BBO# 298080

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon Government Counsel, Timothy Q. Feeley, AUSA, US Attorney's Office, Suite 9200, US District Courthouse, 1 Courthouse Way, Boston, MA, a copy of the foregoing document via email and fax.

August 4, 2005

*[signature]*
Robert D. Lewin, Esq.

4