UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) CRIMINAL NO. 05-10061-JLT |
| v. | ) |
| | ) |
| ANDREW S. HOOD | ) |

GOVERNMENT'S PRELIMINARY REQUESTS FOR JURY INSTRUCTIONS

The United States of America submits the attached requested jury instructions pursuant to Rule 30 of the Federal Rules of Criminal Procedure.  The government reserves the right to supplement or modify these requested instructions in light of the requests, if any, filed by the defendant, as well as the evidence developed during the trial.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                              By:  /s/ Timothy Q. Feeley
                                  TIMOTHY Q. FEELEY
                                  Assistant U.S. Attorney

August 19, 2005

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon Robert Lewin counsel for defendant, a copy of the foregoing document by fax.

                                        /s/ Timothy Q. Feeley
                                        TIMOTHY Q. FEELEY
                                        Assistant U.S. Attorney

GOVERNMENT'S REQUESTED INSTRUCTION NO. 1

(The Indictment Is Not Evidence)

The defendant has been charged with two crimes in the Indictment. I must caution you at this point that charges in an Indictment are only charges. The Indictment itself is not evidence that any crime has been committed. Charges in the Indictment must be proven by the government beyond a reasonable doubt and the mere fact that the charges have been brought in the Indictment is not evidence that any crime has been committed. Additionally, the number of charges is not evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on the other charge.

GOVERNMENT'S REQUESTED INSTRUCTION NO. 2

(Count One: The Statute and Elements)

Count One of the Indictment charges the defendant with unlawful receipt of child pornography, in violation of Title 18, United States Code, Section 2252(a)(2). The visual depictions subject to Count One of the Indictment are those from the video tapes that the Government alleges were received by the defendant at the Wakefield Post Office on October 27, 2004. This count is not based on the CD's and the printed images that are subject to Count Two of the Indictment.

Title 18, United States Code, Section 2252(a)(2) provides in pertinent part as follows:

> Any person who knowingly receives, . . . , any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, . . . by any means . . . if (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (B) such visual depiction is of such conduct [is guilty of a criminal offense];

For you to find the defendant guilty of the crime charged in Count One of the Indictment, the government must prove each of the following essential elements beyond a reasonable doubt:

**FIRST**, that the defendant knowingly received a visual depiction that had been mailed or shipped or transported in interstate commerce by any means;

**SECOND**, that the production of such visual depiction involved the use of a minor engaging in sexually

explicit conduct;

**THIRD,** that such visual depiction was of a minor engaged in sexually explicit conduct;

**FOURTH,** that the defendant knew that such visual depiction was of sexually explicit conduct; and

**FIFTH,** the defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

18 U.S.C. §2252(a)(2).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 3

(First, Fourth and Fifth Elements)

Regarding the first, fourth, and fifth elements, an act is done "knowingly" if it is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

In this case, the term "knowingly" refers to an intentional receipt, as well as an awareness of the sexually explicit nature of the images allegedly received, and the knowledge that the visual depictions were in fact minors engaged in that sexually explicit conduct.  That is, the government must prove beyond a reasonable doubt that the defendant knowingly received the visual depictions and that he did so knowing that the subjects of those images were minors engaging in sexually explicit conduct, as I will define those terms for you.  The Government need not prove that the defendant had knowledge that his receipt of child pornography was illegal.

The term "visual depiction" includes undeveloped film, videotapes, and data stored on a computer disk or by electronic means which is capable of conversion into a visual image.

"Mailed" means through the use of the United States mails.

"Shipped or transported in interstate commerce" means that the visual depictions crossed over the boundary line between two or more states of the United States at some point before it was allegedly received by the defendant.  The Government does not

have to establish that the defendant knew or had reason to know that the visual depictions previously crossed a state border if in fact the Government proves that the visual depictions did previously cross a state border.

United States v. Hilton, 167 F.3d 61, 75 (1st Cir. 1999); *cf.* United States v. Fabiano, 169 F.3d 1299, 1303-04 (10th Cir. 1999) ("'knowingly' scienter requirement in § 2252[(a)(4)(B)] applies, not only to ["possesses,"] but also to the 'sexually explicit nature of the material and to the age of the performers'") (citing United States v. X-Citement Video, Inc., 513 U.S. 64 (1994)); United States v. Cedelle, 89 F.3d 181, 185 (4th Cir. 1996) (Government must prove defendant "knowingly received" a visual depiction that he knew was sexually explicit and that the performers were minors); United States v. Knox, 32 F.3d 733, 753-54 (3d Cir. 1994) (need not prove knowledge of illegality). 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 16.05 (5th ed. 2000).  18 U.S.C. § 2256(5).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 4

(Proof of Knowledge)

Because it is impossible to prove through direct evidence the inner workings of the human mind, it is frequently necessary to resort to circumstantial evidence.  Thus, in deciding whether something is done knowingly, you may consider the actions of the defendant, all of the facts and circumstances surrounding his conduct, and any reasonable inferences to be drawn from those facts and circumstances.  This instruction applies equally to both Counts One and Two of the Indictment.

United States v. Booth, 111 F.3d 1, 2 (1st Cir. 1997);
1 Leonard B. Sand et al., Modern Federal Jury Instructions, No.
     6-17 (1999);
1A Kevin F. O'Malley, et al., Federal Jury Practice and Instructions, § 17.07 (5th ed. 2000).

<u>GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 5</u>

(Second and Third Elements)

The term "minor" means any person under the age of eighteen years.

The term "sexually explicit conduct" means one of the following five categories of conduct, whether actual or simulated:

(A) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

(B) bestiality;

(C) masturbation;

(D) sadistic or masochistic abuse; or

(E) lascivious exhibition of the genitals or pubic area of any person.

As to the last category of "sexually explicit conduct," whether a picture or image of the genitals or pubic area constitutes a "lascivious exhibition" requires a consideration of the overall content of the material. It is for you to decide the weight, or lack of weight, to be given to any of the following factors. A picture or image need not involve all of these factors to constitute a "lascivious exhibition" of the genitals or pubic area.

You may consider such factors as:

(1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;

(2) whether the setting of the visual depiction is sexually suggestive, i.e. in a place or pose generally associated with sexual activity;

(3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

(4) whether the child is fully or partially clothed, or nude;

(5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and

(6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

United States v. Carroll, 190 F.3d 290 (5th Cir. 1999) (interpreting the definition of "lascivious" found in 18 U.S.C. § 2256(2)(v) for purposes of §2251(a)); 18 U.S.C. §§ 2256(1).

<u>GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 6</u>

(Count Two: The Statute and Elements)

The indictment charges in Count Two that on October 27, 2004, the defendant unlawfully possessed visual depictions of minors engaging in sexually explicit conduct.  The visual depictions subject to Count Two of the Indictment are the printed images that came from the CD's that the Government alleges were obtained from the defendant's apartment on that date.  This count is not based on the video tapes that were subject to Count One of the Indictment.

Section 2252(a)(4)(B) of Title 18 of the United States Code provides that:

> Any person who . . . knowingly possesses 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, . . .  if – (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct [is guilty of a criminal offense]

In order to establish the offense of unlawfully possessing child pornography, the government must prove the following essential elements beyond a reasonable doubt:

> **One:**  that the defendant knowingly possessed material that contained at least one visual depiction of a minor engaging in sexually explicit conduct, as those terms have been previously defined in these instructions; and
>
> **Two:**  the material containing the image either had been shipped or transported in interstate commerce by any means, including computer.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 7

(The First Element of the Offense)

Regarding the first element, an act is done "knowingly" if it is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason. As was also the case with the receipt charge in Count One, "knowing" possession of child pornography means an intentional possession as well as an awareness of the sexually explicit nature of the images allegedly possessed, and knowledge that the visual depictions were in fact minors engaged in that sexually explicit conduct. That is, the government must prove beyond a reasonable doubt that the defendant knowingly possessed the visual images and that he did so knowing that the subjects of those images were minors engaging in sexually explicit conduct, as I have previously defined those terms for you. Also, as was the case with respect to the receipt charge, the Government need not prove that the defendant had knowledge that his possession of child pornography was illegal.

The word "possess" means to own or to exert control over. The word "possession" can take on several different, but related, meanings.

The law recognizes two kinds of "possession" -- actual possession and constructive possession. A person who knowingly has direct physical control over a thing at a given time is then

in actual possession of it.  A person who, although not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

You may find that the element of "possession" as that term is used in these instructions is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession.

If the government has proved beyond a reasonable doubt that the defendant knowingly possessed material that contained at least one visual depiction of an image he knew to be of a minor engaging in sexually explicit conduct then you may find that it has proved the first element of this offense.

United States v. Hilton, 167 F.3d 61, 75 (1st Cir. 1999); *cf.* United States v. Fabiano, 169 F.3d 1299, 1303-04 (10th Cir. 1999) ("'knowingly' scienter requirement in § 2252[(a)(4)(B)] applies, not only to ["possesses,"] but also to the 'sexually explicit nature of the material and to the age of the performers'") (citing United States v. X-Citement Video, Inc., 513 U.S. 64 (1994)); United States v. Cedelle, 89 F.3d 181, 185 (4th Cir. 1996) (Government must prove defendant "knowingly received" a visual depiction that he knew was sexually explicit and that the performers were minors);United States v. Knox, 32 F.3d 733, 753-54 (3d Cir. 1994) (need not prove knowledge of illegality).  1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 16.05 (5th ed. 2000).  18 U.S.C. § 2256(1).

<u>GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 8</u>

(Second Element of the Offense)

Although there is a technical definition of a "computer," essentially, you may give the term computer its generally understood meaning.

The meanings of "shipped," "transported," and "interstate commerce" are the same as those previously given in these instructions.  Again, the Government does not have to establish that the defendant knew or had reason to know that the visual depictions previously crossed a state border if in fact the Government proves that the visual depictions did previously cross a state border.  You may find this element satisfied if you find that the pornography alleged to have been possessed by the defendant had been transmitted over the Internet prior to October 27, 2004, the date of the alleged possession.

I instruct you that if you find beyond a reasonable doubt that the visual depictions were previously transported in interstate commerce, then the government has proved the second and final element of this offense.

18 U.S.C. § 1030(e)(1); 18 U.S.C. § 2256(6); 18 U.S.C. § 2252(a)(4)(B); <u>United States v. Anderson</u>, 280 F.3d 1121 (7th Cir. 2002); <u>United States v. Hilton</u>, 257 F.3d 50, 54 (1st Cir. 2001) ("proof of transmission of pornography over the Internet . . . satisfies the interstate commerce element of the offense").

<u>GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 9</u>

(Number of Depictions)

As to the first element of Count Two, the Government must prove that the defendant possessed a book, magazine, periodical, film, video tape, or other matter that contained one or more visual depictions of a minor engaging in sexually explicit conduct.  Although you heard evidence of more than one visual depiction, the Government is only required to prove that the defendant knowingly possessed one such depiction.  Therefore, as long as you find beyond a reasonable doubt that the defendant knowingly possessed at least one image, and that the other elements of the offense that I have discussed have been proven beyond a reasonable doubt, you must find the defendant guilty.  The same is true with respect to the receipt charge in Count One.  Although you heard evidence of more than one visual depiction, and the Government introduced four video tapes, the Government is only required to prove that the defendant knowingly received one visual depiction.

18 U.S.C. §§ 2252(a)(2) and (4)(B).

<u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 10</u>

(Punishment)

If the defendant is found guilty, it will be my duty to decide what his punishment will be.  You should not be concerned with punishment in any way.  It should not enter into your consideration or discussions.

Source: <u>Fifth Circuit Pattern Jury Instructions (Criminal)</u>, §1.20 (West 1997).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 11

("On or About")

You will note that the indictment charges that the offenses were committed "on or about" certain dates rather than "on" certain dates. The proof need not establish with certainty the exact dates of the alleged offenses. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offenses were committed on a date reasonably near the dates alleged.

Sources: 1 Mod. Fed. Jury Instructions, § 6.06, Instruction No. 6-17, p. 6-43; Devitt and Blackmar, Federal Jury Practice and Instructions, § 13.05 (3d ed. 1977); United States v. Brody, 486 F.2d 291 (8th Cir. 1973), cert. denied, 417 U.S. 929 (1974).